**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KYESHA JACKSON, DE'ANTE JACKSON, and DEBORAH KINDLE, as Custodian and Next Friend of the minor N.B., who are the Next of Kin and all the Children of KATHY D.LENA BLACK, Deceased,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 3:24-cv-00900** **Judge Aleta A. Trauger** |
| **EDDY ORTIZ, PONCE'S XPRESS, INC., and MJC EXPRESS, INC.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Before the court is defendant Eddy Ortiz's Motion to Dismiss Punitive Damages Claims in the Third Amended Complaint. (Doc. No. 49.) For the reasons set forth herein, the motion will be denied.

## I. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). In ruling on such a motion, the court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). A Rule 12(b)(6) motion is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020).

To survive a motion to dismiss, a complaint must allege facts that, if accepted as true, are sufficient to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *see also* Fed. R. Civ. P. 8(a)(2). A complaint has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. A legal conclusion, even if couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.*; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief, even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

## II. BACKGROUND

As set forth in the Fourth Amended Complaint ("Complaint") (Doc. No. 69), the operative pleading,[1] Kathy D.Lena Black was driving west on Interstate 24 in a construction zone on June 13, 2024, when she was rear-ended by a tractor-trailer rig operated by Ortiz, forced off the highway, and killed in the crash. (Complaint ¶ 10.) The plaintiffs in this case are Black's children.

[1] Ortiz's motion seeks dismissal of the punitive damages claim set forth in the Third Amended Complaint. After Ortiz filed his motion, the plaintiffs sought and were granted leave to file the Fourth Amended Complaint. (Doc. Nos. 67, 68.) The filing of the Fourth Amended Complaint, which re-added certain claims against the other defendants, did not moot Ortiz's motion. The court therefore construes the motion as seeking dismissal of the punitive damages claims against Ortiz in the Fourth Amended Complaint.

(*Id.* ¶¶ 1–3.) Aside from Ortiz, the plaintiffs also sue Ponce's Xpress, Inc. and MJC Express, Inc., the entities that either employed Ortiz or contracted with him to perform trucking services and that owned the tractor trailer that Ortiz was driving.

As relevant to the present motion, the plaintiffs assert claims against Ortiz for negligent and/or reckless driving and negligence *per se*, and they seek both compensatory and punitive damages. (*Id.* at 10, 12.) In support of their claims for punitive damages, the plaintiffs allege the following facts.

At the time of the crash, Ortiz was driving his tractor trailer "at a high rate of speed and in a reckless manner," such that, when he moved from his lane of travel into the lane occupied by Black's vehicle, he struck her vehicle and forced it off the highway, where both vehicles burst into flames. (*Id.* ¶ 11.) The Tennessee High Patrol trooper who responded to the scene of the crash determined that Ortiz caused the crash and that his actions were "reckless, careless, erratic, and negligent," insofar as he "Fail[ed] to Keep in Proper Lane" and engaged in "Careless Erratic Driving" and "Improper Lane Changing." (*Id.* ¶ 12.) He was charged with Criminally Negligent Homicide in violation of Tenn. Code Ann. § 39-13-212. (*Id.* ¶ 13.)

At the preliminary hearing on the criminal charges, the investigating state trooper and crash reconstructionist testified that the road leading to the crash site was "a straight flat stretch" with "more than a half mile line of sight." (*Id.* ¶ 16.) The crash occurred in a construction zone that was "marked with signs and lights." (*Id.* ¶ 17.) More than a mile ahead of the crash location,

> there was a truck parked on the right shoulder with a flashing LED sign to alert motorists of the upcoming lane merger and construction zone and additional posted signage of road construction, orange barrels, and a flashing arrow sign to merge into the left lane as motorists approached the location of the crash.

(*Id.*)

The trooper testified that Black's vehicle and four other vehicles impacted in the crash had merged into the left lane as directed by the signs and lights and were traveling at a slow rate of speed when Ortiz's truck struck Black's vehicle. (*Id.* ¶ 18.) The trooper measured 151 feet of skid marks from Ortiz's tractor trailer's rear tandem axle, starting only 75 feet before the tractor trailer impacted the rear of Black's vehicle. (*Id.* ¶ 19.) The tractor trailer pushed Black's vehicle 625 feet before both vehicles came to rest and burst into flames. (*Id.*) The trooper concluded that, rather than slowing down in the construction zone, the tractor trailer was moving "at or near interstate speed" when it collided with Black's car. (*Id.* ¶ 20.) Based on the testimony at the preliminary hearing, the presiding Robertson County General Sessions Court judge determined that there was probable cause to charge Ortiz with Criminally Negligent Homicide. (*Id.* ¶ 21.)

The plaintiffs further allege "upon information and belief" that Ortiz, at the time of the crash, had been operating his truck "in excess of the maximum hours of service of interstate commercial truck drivers." (*Id.* ¶ 23.)

Under Count One of the FAC, the plaintiffs assert that Ortiz was operating his truck recklessly or negligently at the time of the crash, by

a. Failing to maintain control of his tractor trailer rig;

b. Failing to keep his tractor trailer rig in his lane of travel on the interstate;

c. Failing to properly signal a lane change;

d. Failing to keep a lookout for other traffic, and taking necessary precautions to avoid colliding with other vehicles traveling properly in their lane;

e. Failing to merge into another lane safely;

f. Failing to travel safely through a construction zone on the highway;

g. Failing to maintain a safe and reasonable speed for the circumstances then present;

> h. Failing to stop and rest and cease driving in accordance with the rules governing hours of service in the Federal Motor Carrier Safety Regulations; and
>
> i. Failing to operate a tractor trailer in accordance with the Federal Motor Carrier Safety Regulations.

(*Id.* ¶ 33(a)–(i).)

Ortiz argues that the Complaint fails to state a claim for punitive damages, because "Courts sparingly award punitive damages in the context of an automobile accident, limiting such damages to cases where the defendant driver is inebriated or under the influence of drugs or alcohol." (Doc. No. 49-1 at 7 (citing *Perry v. Dewey*, No. 02A01-9406-CV-00142, 1995 WL 422660, at *3 (Tenn. Ct. App. 1995) (alcohol); *Worley v. Pharris*, No. 155, 1991 WL 148046, at *3 (Tenn. Ct. App. 1991) (drugs)).) He asserts that allegations of "simple negligence" will not support a claim for punitive damages. (*Id.* (citing *Anderson v. U.S.A. Truck, Inc.*, No. W2006-01967-COA-R3-CV, 2008 WL 4426810 (Tenn. Ct. App. 2008)).) He asserts that the plaintiffs do not claim he was under the influence of drugs or alcohol at the time of the accident and that their allegations that his conduct was reckless in this case are conclusory, unsupported by actual facts, and fail to differentiate this case from mill-run negligence cases. He argues that the Complaint fails to satisfy *Twombly*'s "facial plausibility" standard. (*Id.* at 9.)

The plaintiffs respond that they have adequately alleged facts that, if true, are more than sufficient to give rise to a plausible inference that the defendant's conduct was reckless, thus permitting punitive damages under Tennessee law, and that the cases on which the defendant relies are distinguishable on the facts. (Doc. No. 53.) The defendant filed a Reply, essentially reiterating his claim that the plaintiffs have not alleged "plausible facts establishing a claim for punitive damages based on reckless conduct." (Doc. No. 54 at 2.)

## III.    DISCUSSION

In civil cases in Tennessee, "[p]unitive damages may only be awarded if the claimant proves by clear and convincing evidence that the defendant against whom punitive damages are sought acted maliciously, intentionally, fraudulently or recklessly." Tenn. Code Ann. § 29-39-104(a)(1). As Tennessee courts have explained, punitive damages, unlike compensatory damages, "are intended to punish the defendant and to deter him from committing similar acts in the future." *Raley v. Brinkman*, 621 S.W.3d 208, 231 (Tenn. Ct. App. 2020) (citing *Goff v. Elmo Greer & Sons Constr. Co.*, 297 S.W.3d 175, 187 (Tenn. 2009)."Punitive damages are thus appropriate only in the most egregious cases . . . ." *Goff*, 297 S.W.3d at 187.

The plaintiffs here claim that Ortiz's reckless behavior warrants punitive damages. "A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances." *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 363 (6th Cir. 2018) (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992)). Not dissimilarly, as the plaintiffs point out, in Tennessee, a person acts with "criminal negligence"

> with respect to the circumstances surrounding that person's conduct or the result of that conduct when the person ought to be aware of a s*ubstantial and unjustifiable risk* that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes *a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances* as viewed from the accused person's standpoint.

Tenn. Code Ann. § 39-11-106(a)(5) (emphasis added); *see also State v. Isaac*, No. W2018-00871-CCA-R3-CD, 2019 WL 6040435, at *5 (Tenn. Crim. App. Nov. 13, 2019) (applying this definition to defendant charged with criminally negligent homicide under Tenn. Code Ann. § 39-13-212).

Ortiz has been charged with criminally negligent homicide under § 39-13-212, as set forth above, meaning that a Tennessee General Sessions Court judge has already found probable cause for the charge. A conviction on the charge would mean that the State of Tennessee established, beyond a reasonable doubt, that Ortiz engaged in criminally negligent conduct—which would also satisfy the clear and convincing evidence standard necessary to prove reckless conduct for purposes of a punitive damages claim.

Moreover, the plaintiffs allege facts here that, if true, would indicate circumstances surrounding Ortiz's conduct that would have made a reasonable person "aware of a substantial and unjustifiable risk that the circumstances exist or the result"—a catastrophic accident—"will occur" and that the risk was such that "the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances." Tenn. Code Ann. § 39-11-106(a)(5). Specifically, it was late at night, just after midnight (*see* FAC ¶ 35, photo insert); there were a flashing LED sign to alert motorists of the upcoming lane merger and construction zone more than a mile ahead of the crash site, additional signs alerting motorists that they were entering a construction zone, orange barrels, and a flashing arrow sign directing drivers to merge into the left lane. Rather than slowing down, Ortiz allegedly was still going "at or near interstate speed"—presumably somewhere between fifty-five and seventy miles per hour—when he struck the rear of Black's vehicle. (FAC ¶ 20.) The investigating trooper also testified that Ortiz drove erratically and suddenly changed lanes before plowing into Black's car. Standing alone, the fact that his truck and Black's vehicle came to rest 625 feet—more than two football fields—past the point of impact indicates that the truck was going at an excessive rate of speed. These facts considered together plausibly suggest that Ortiz was driving recklessly.

Ortiz may have defenses to the allegation that he was driving recklessly, including that he experienced mechanical failure or brake failure, and that he made efforts to stop his truck before hitting Black's car. But these possible defenses do not make less plausible the inference that he was driving recklessly, at an excessive rate of speed, in a construction zone on the interstate late at night.

The cases cited by Ortiz, suggesting that punitive damages in vehicular accident cases in Tennessee are rare, are factually dissimilar to this one, and none holds as a legal matter that punitive damages are only available when the driver is under the influence of drugs or alcohol. Rather, under Tennessee law, what is required is reckless behavior, which requires simply the conscious disregard of "a substantial and unjustifiable risk of such a nature that [the actor's] disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances." *Lindenberg*, 912 F.3d at 363; *see also Walker v. Massey*, No. 3:22-CV-00417, 2023 WL 28435, at *4 (M.D. Tenn. Jan. 3, 2023) (denying motion to dismiss punitive damages claim under similar circumstances). While the plaintiffs do not have the ability to peer inside Ortiz's head to determine his exact *mens rea* at the time of the accident, the surrounding events plausibly give rise to the inference that he consciously disregarded an obvious risk. *Accord Walker*, 2023 WL 29435, at *4 (finding it "inferable from the factual matter alleged in the Complaint that Defendant, well aware that what he was doing was risky and dangerous, swerved into the single (post-merger) lane at a substantially excessive speed, consciously knowing that this posed a substantial risk of danger but figured, essentially, that this maneuver (a) needed to be done for him to get to where he wanted to be among other traffic, and (b) therefore was worth the risk anyway").

## IV. CONCLUSION

For the reasons set forth herein, defendant Ortiz's motion (Doc. No. 49) seeking dismissal of the punitive damages claim against him will be denied. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge