# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| KYESHA JACKSON, DE'ANTE JACKSON, and DEBORAH KINDLE, as Custodian and Next Friend of the minor N.B., who are the Next of Kin and all the Children of KATHY D.LENA BLACK, Deceased, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:24-cv-00900 Judge Aleta A. Trauger |
| EDDY ORTIZ, PONCE'S XPRESS, INC., and MJC EXPRESS, INC., | ) ) ) | |
| Defendants. | ) ) | |
| | ) ) | |
| UNITED SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Intervenor-Defendant. | ) ) ) | |

## MEMORANDUM

Before the court is the Conditional Motion to Intervene, filed by proposed intervenor United Specialty Insurance Company (Doc. No. 120). As set forth herein, the motion will be granted.

## I.    BACKGROUND

In July 2024, the plaintiffs, who are the children of Kathy D. Lena Black, deceased, filed this survival action, seeking damages arising from the death of Kathy Black in a vehicle crash on Interstate 24 West in Robertson County, Tennessee that took place on June 13, 2024 (the "crash"). (Compl., Doc. No. 1.) The operative pleading is now the Fourth Amended Complaint ("FAC") (Doc. No. 69). The plaintiffs allege that Black was driving on I-24 when her vehicle was struck by

a tractor-trailer rig recklessly operated by Eddy Ortiz, forcing Black off the highway and killing her in the crash. (FAC ¶¶ 10–11.) The plaintiffs allege that defendant motor carrier Ponce's Xpress, Inc. ("Ponce's") was an authorized interstate motor carrier, issued U.S. DOT number 2818466, and that the 2019 Freightliner tractor that Ortiz was driving at the time of the crash was operating under U.S. DOT number 2818466. (*Id.* ¶ 24.) The plaintiffs also allege that defendant MJC Express, Inc. ("MJC") was an authorized interstate motor carrier, issued U.S. DOT number 2429682, and was the registered owner of the 2019 Freightliner tractor and the 2019 Wabash trailer operated by Eddy Ortiz at the time of the crash. (*Id.* ¶ 25.) The plaintiffs allege that Ortiz was an actual or statutory employee performing services for both Ponce's and MJC and acting within the scope of his employment. (*Id.* ¶¶ 26–28.) The plaintiffs bring claims against Ortiz for negligent and/or reckless driving and negligence *per se*, and they assert that Ponce's and MJC, as Ortiz's actual or statutory employers, are vicariously liable for the damages caused by Ortiz in the crash. They also assert negligent hiring, retention, and supervision claims directly against Ponce's and MJC. (*See generally id.* at 14–19.)

Although the defendants answered the FAC, denying many of the factual allegations and liability, counsel for all three defendants moved, and were granted leave, to withdraw shortly after filing their Answers. New counsel for Ponce's and Ortiz subsequently entered an appearance, but MJC has remained unrepresented since June 30, 2025. In September 2025, the plaintiffs filed a Motion for Entry of Default against MJC, supported by the Declaration of plaintiffs' counsel, Hamilton Jordan. (Doc. Nos. 89, 89-1.) The Clerk of Court granted that motion and entered default against MJC on November 4, 2025 pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 101.) The effect of the entry of default is to "conclusively establish[] every factual predicate of a claim for relief." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citing *Harmon v. CSX*

*Transp.*, 110 F.3d 364, 368 (6th Cir. 1997)). The plaintiffs' Motion for Default Judgment Against Defendant MJC Express, Inc., to determine damages, remains pending and has been referred to the Magistrate Judge for resolution. (Doc. Nos. 102, 119.)

Meanwhile, on June 26, 2025, shortly after counsel for MJC withdrew from representing MJC in this case, USIC initiated a declaratory judgment action in this court against MJC (the "declaratory judgment action"), seeking a declaration that it has no contractual responsibility either to defend MJC or to indemnify it against any liability assessed against MJC in this case. Compl. for Decl. Jgmt., *United Specialty Ins. Co. v. MJC Express, Inc.* (M.D. Tenn. June 26, 2025), ECF No. 1. The basis for USIC's position is that MJC no longer owned the truck Ortiz was driving as of the time of the crash (the "Subject Vehicle"), and USIC had removed it from the schedule of vehicles covered by the liability policy it had issued to MJC that was in effect at the time of the crash (the "Policy").

Shortly after USIC filed the declaratory judgment action, the plaintiffs in this case sought and were denied leave to intervene, as intervenor-plaintiffs, in the declaratory judgment action. In March 2026, the court also denied their subsequent Renewed Motion to Intervene, which argued that whether MJC had sold the Subject Vehicle prior to the crash was a disputed question of fact.

On April 16, 2026, however, the court held a telephone conference in this case, in which all parties except MJC participated and of which USIC apparently did not receive notice, having withdrawn from providing a defense for MJC. As set forth in the Joint Motion for Telephonic Status Conference, the plaintiffs have reached a tentative settlement with defendants Ortiz and Ponce's, but the settlement does not resolve the plaintiffs' claims against MJC, which the plaintiffs intend to continue to pursue. (Doc. No. 118.) As the court noted in the Order entered in the declaratory judgment action on April 20, 2026, "[w]hat emerged from the conversation concerning

a settlement between all parties but MJC Express, Inc. were new or clarified arguments by plaintiffs' counsel as to how the United Specialty Insurance policy at issue in this case provides coverage for the fatal collision on June 13, 2024, despite the fact that the truck involved had been removed from the policy." Order at 1, *United Specialty Ins. Co. v. MJC Express, Inc.* (M.D. Tenn. June 26, 2025), ECF No. 30. In light of that new argument, the court vacated the Order denying the intervenor-plaintiffs' Renewed Motion to Intervene in the declaratory judgment action and issued a new Order, granting leave to intervene and directing the parties to brief the intervenor-plaintiffs' new theory of recovery.

The court has now issued a Memorandum and Order granting USIC's Motion for Default Judgment against MJC in the declaratory judgment action, finding, based on the plain language of the Policy, that USIC is not contractually obligated to provide a defense to MJC in this case or to indemnify MJC for any judgment, settlement, or other damages awarded in this case, because the Subject Vehicle, though initially covered, had been removed from the Policy's schedule of covered vehicles prior to the crash. In the same Memorandum, however, the court determined that ownership of the Subject Vehicle is simply irrelevant, and the Order accompanying the Memorandum includes a declaration to the effect that the MCS-90 endorsement governs USIC's obligations with respect to any unsatisfied final judgment entered against MJC in this case, subject to federal law, and that USIC may not rely on any policy condition, provision, stipulation, limitation, vehicle deletion endorsement, or premium refund to avoid an MCS-90 obligation to the plaintiffs. *See* Memo. at 26, Order at 2, *United Specialty Ins. Co. v. MJC Express, Inc.* (M.D. Tenn. June 15, 2026), ECF Nos. 37, 38.

USIC filed its Conditional Motion to Intervene in this case on May 19, 2026, the day after it filed its Answer to the Intervenor Complaint in the declaratory judgment action. Its position in the declaratory judgment action is that the MCS-90 endorsement does not apply, but in the event the court does not agree, it seeks to intervene in this case to protect its interests. It argues that the changed circumstances in the declaratory judgment action—namely, the court's granting the intervenor-plaintiffs' Motion to Intervene and its consideration of their new theory that the MCS-90 endorsement may obligate USIC to satisfy any final judgment entered against MJC in this case, regardless of whether the Subject Vehicle was listed on the Policy—justify intervention, because the plaintiffs' new theory "raises the specter that, should the Court determine the MCS-90 endorsement applies, Plaintiffs could obtain a judgment in this case premised on the allegation that MJC owned the Subject Vehicle and then seek to enforce that judgment against USIC under the MCS-90 endorsement, all without any adversarial proceeding in which the factual question of vehicle ownership was actually tested." (Doc. No. 120 at 5.)

USIC further argues that the default entered against MJC in this case reflects "MJC's failure to defend; it is not a judicial determination of any fact." (*Id.*) It contends in particular that the ownership of the Subject Vehicle is a material fact that no party in this lawsuit is presently contesting, meaning that no party is protecting USIC's interest in "ensuring that this Court does not enter a judgment based on a factual predicate—MJC's ownership of the Subject Vehicle—that is directly contradicted by the documentary evidence." (*Id.*) Its proposed Complaint in Intervention asserts that it is in possession of a "Notice of Sale and/or Bill of Sale" showing that MJC sold the Subject Vehicle to PPP Transportation Express Inc. of Palm Springs, Florida on November 8, 2023; that, because MJC sold the Subject Vehicle and subsequently caused it to be deleted from coverage under the Policy, USIC is not contractually obligated to defend MJC in this lawsuit or to

provide insurance coverage to MJC for any damages awarded against it; the intervenor-plaintiffs in the declaratory judgment action have asserted in that case that the MCS-90 endorsement attached to the Policy obligates USIC to satisfy any final judgment entered against MJC in this case, regardless of whether the Subject Vehicle was listed on the Policy at the time of the crash; and that the intervenor-plaintiffs' "MCS-90 theory depends upon the factual predicate that MJC owned the Subject Vehicle at the time of the collision—a fact that USIC disputes on the basis of the Bill of Sale showing MJC sold the vehicle over seven months before the accident." (Doc. No. 120-1, Proposed Compl. in Intervention ¶¶ 18, 20, 26–27.) USIC contends that an "actual and justiciable controversy exists as to whether MJC owned the Subject Vehicle" at the time of the crash, and that, "if MJC did not own or operate the Subject Vehicle at the time of the collision, there is no basis upon which USIC could be held liable under the Policy or the MCS-90 endorsement." (*Id.* ¶ 34.) On the basis of these factual and legal assertions, USIC seeks a declaration that "USIC is not obligated to indemnify MJC for any final judgement, settlement, or other damages against MJC awarded in this action due to the Subject Vehicle['s] being sold by MJC prior to the accident at issue and/or specifically deleted from the Policy's coverages." (*Id.* at 6.)

Based on the procedural posture of the case as it now stands, USIC argues that intervention is warranted under Federal Rule of Civil Procedure 24(a)(2) or, alternatively, under Rule 24(b)(1)(B), which pertains to permissive intervention. (*Id.* at 6–8.) The plaintiffs oppose the motion, arguing that "[i]ntervention at this terminal stage," when a default has already been entered against MJC and the only issue to be resolved is the amount of damages to which the plaintiffs are entitled, "would serve only to delay justice for the surviving children of Kathy D. Lena Black."

(Doc. No. 121 at 2.) It also argues that USIC's coverage defenses are being litigated in the declaratory judgment action, making it unnecessary to raise them here.

USIC filed a Reply in which it argues that the plaintiffs are "attempting to foreclose USIC from litigating the ownership issue in <u>every</u> forum while simultaneously asserting a coverage theory in the Declaratory Judgment Action that depends on ownership." (Doc. No. 122 at 1.) It continues to argue that a default judgment against MJC "necessarily assumes or finds MJC ownership" and that it "should not be boxed out of contesting a factual issue that Plaintiffs themselves have made the backbone of their MCS-90 theory." (*Id.* at 2; *see also id.* ("Based on Plaintiffs' response in opposition, it appears they genuinely contend that this Court could order USIC to pay a judgment up to policy limits under the MCS-90 endorsement even if MJC did not own the truck at the time of the accident. That being the case, ownership is plainly a threshold issue that USIC should be permitted to contest.").) USIC also argues that its motion is not untimely, given the change in circumstances.

## II.  DISCUSSION

### A.  Intervention under Rule 24(a)(2)

Under Rule 24, the court, on "timely motion," "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The rule thus embodies four requirements: (1) a timely motion, showing that (2) the proposed intervenor has a "substantial legal interest in the case"; (3) the intervenor's "absence from the case would impair that interest"; and (4) that "interest is inadequately represented by the parties." *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula*, 41 F.4th 767, 771 (6th

Cir. 2022) (citation omitted). When these requirements are met, "intervention as of right is warranted." *Id.* at 777.

**B.**    **USIC Meets the Required Elements**

*1.*    *Timeliness*

The plaintiffs contends that USIC's motion is untimely, based on the fact that they shared with USIC their proposed motion and supporting memorandum, seeking to consolidate this case and the declaratory judgment action, in September 2025 and that their then-proposed memorandum "specifically referenced coverage under the MCS-90 endorsement." (Doc. No. 121 at 5 (citing Doc. No. 94-1 at 3).) USIC opposed the motion to consolidate, as a result of which, the plaintiffs claim, it "cannot credibly claim timeliness to address the issue eight months after Plaintiff contended the MCS-90 endorsement could provide an avenue of recovery notwithstanding USIC's coverage position." (*Id.*) The plaintiffs also argue that the case has been pending for more than two years; default was entered against MJC in November 2025; and the court's order granting intervention in the declaratory judgment action does not qualify as a changed circumstance, when USIC has known about "the MCS-90 endorsement, the ownership issue, MJC's default, and the risk that a judgment against MJC could trigger its federal obligations since long before April 2026." (*Id.* at 6.) USIC responds that, because the plaintiffs were belatedly permitted to intervene in the declaratory judgment action—also after default had been entered in that case against MJC—basic fairness requires that USIC be permitted to intervene here to protect its interests.

The Sixth Circuit has instructed courts to "look[] to the totality of the circumstances to determine timeliness." *Davis v. Lifetime Cap., Inc.*, 560 F. App'x 477, 490 (6th Cir. 2014) (citing *Stupak–Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000)). To assess timeliness, courts in this circuit must consider five factors:

(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id.* (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

This suit has progressed almost to the trial date, and the plaintiffs' Motion for Default Judgment is currently pending. With respect to the plaintiffs' claims against MJC, essentially nothing is left to be determined aside from the amount of damages to be assessed against that defendant. USIC seeks to intervene in order to protect its interests—essentially to walk back the entry of default and to oppose MJC's liability on the basis that it did not own the Subject Vehicle at the time of the crash.

As for the third element, while USIC has known for some time that the plaintiffs believed that the MCS-90 endorsement would require USIC to cover a judgment against MJC, USIC has apparently believed that the fact that the truck was sold by MJC and removed from the Policy's schedule of covered vehicles meant that it cannot be liable. Not until the court granted the plaintiffs' motion to intervene in the declaratory judgment action (after twice denying leave to intervene) did MJC's potential liability under the MCS-90 endorsement become critically relevant to USIC.[1]

---

[1] This is a generous interpretation of USIC's actions. It clearly knew of the presence of the MCS-90 endorsement in the Policy, and it has litigated the applicability of the endorsement before. *See, e.g.*, *Russell v. Escobar*, No. 18-00660-BAJ-EWD, 2022 WL 136854, at *5 (M.D. La. Jan. 13, 2022) (granting summary judgment for USIC on the issue of whether the endorsement applied, because the truck at issue was not "engaged in the transportation of property in interstate commerce" at the time of the subject accident); *United Specialty Ins. Co. v. Sweeney*, No. 1:21-CV-244-HAB, 2023 WL 2931405, at *1 (N.D. Ind. Apr. 13, 2023) (entering default judgment in favor of USIC in a declaratory judgment action and issuing declarations that USIC had no duty to indemnify or defend the defendant under the insurance policy at issue and that USIC's duties under

While there is certainly some prejudice to the plaintiffs in allowing USIC to intervene at this late date, there was likewise also prejudice to USIC in allowing the plaintiffs to intervene in the declaratory judgment action at a similarly late date in that case. USIC, that is, simply had no reason to intervene in this case until the plaintiffs were permitted to intervene in the declaratory judgment action. The existence of these parallel actions and the parties' relative positions give rise to unusual and compelling circumstances that make USIC's motion timely in this particular case, despite the late date and the procedural posture of the case. The court finds that this requirement is satisfied.

### 2. USIC's Legal Interest in This Case

A proposed intervenor must show that it has a "substantial interest in the subject matter of litigation." *Davis*, 560 F. App'x at 495 (citation omitted). The Sixth Circuit, however, "subscribes to a 'rather expansive notion of the interest sufficient to invoke intervention of right.'" *Id.* (quoting *Mich. State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)).

Here, USIC argues that it "has a direct financial interest in ensuring that no judgment is entered in this case on the basis of an untested factual allegation that could be used to impose liability on USIC under the MCS-90 endorsement." (Doc. No. 120 at 7.) That factual question is MJC's ownership of the Subject Vehicle at the time of the crash. According to USIC, the plaintiffs' "MCS-90 theory depends upon MJC having owned the Subject Vehicle at the time of the collision." (*Id.*) The sole basis for its intervention is to contest this fact and to continue to argue that it has no contractual obligation to indemnify MJC for a final judgment or other damages awarded against it.

---

the MCS-90 endorsement were "limited to payment of a final judgment entered against" one of the defendants in connection with the underlying liability lawsuit against that defendant).

The plaintiffs respond, first, that the "MCS-90 endorsement applies notwithstanding USIC's reliance on the change endorsement, alleged sale, and scheduling arguments" and that, regardless, "USIC's contention that ownership defeats its MCS-90 obligation is a coverage argument it is already litigating in the Declaratory Judgment Action." (Doc. No. 121 at 7–8.) Second, the plaintiffs contend that MJC's ownership of the vehicle is not an issue that must be litigated before entry of judgment in this case, because MJC's liability does not depend on its ownership of the Subject Vehicle, and USIC's contentions to the contrary mischaracterize the plaintiffs' position. (*Id.* at 8.) The plaintiffs also point out that USIC "does not seek to intervene to defend MJC against liability" or otherwise litigate the merits of the plaintiffs' claims. (*Id.*)

USIC replies that the fact that its interests are being litigated in the declaratory judgment action is not a sufficient reason to deny its "ability to contest the factual issue of ownership in this action, where it is not presently clear what evidence the Court may hear on that issue in the Declaratory Judgment Action." (Doc. No. 122 at 3.) It contends that it should "have the opportunity to test ownership through the adversarial process here if necessary—particularly where Plaintiffs are taking the position that USIC should have to pay regardless of whether MJC even owned the tractor-trailer at issue." (*Id.* at 4.)

The court finds that, insofar as USIC continues to assert that its liability under the MCS-90 endorsement is dependent upon whether MJC owned the Subject Vehicle at the time of the crash, its argument is misguided and contrary to law, as discussed in the court's Memorandum issued in the declaratory judgment action. USIC's liability in this case depends on whether a judgment is entered against MJC based on MJC's own negligence or its vicarious liability for Ortiz's negligent or reckless driving and on whether the other requirements of the MCS-90 endorsement are met. As the court has already found, neither MJC's nor USIC's liability depends

on who owns the vehicle. The factual issue USIC seeks to litigate simply is not relevant. In addition, the court has also already found that USIC has no obligation to defend MJC in this case or to indemnify MJC for any damages that may be awarded against it.

At the same time, USIC undeniably has a substantial legal interest in this case, as a finding of liability on the part of MJC and an assessment of damages against it could put USIC on the hook to cover up to $1,000,000 of that liability. Although the MCS-90 endorsement gives it the right to attempt to recover that sum from MJC, such recovery is far from guaranteed. The court therefore finds that USIC has met this requirement, despite the apparent futility of its position.

### 3. USIC's Absence from This Case

To satisfy this requirement, USIC only needs to show that "impairment of its substantial legal interest is *possible* if intervention is denied. This burden is minimal." *Davis*, 560 F. App'x at 495 (emphasis added) (quoting *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999)).

If the plaintiffs obtain a judgment against MJC and that judgment remains unsatisfied, the plaintiffs can pursue recovery of up to $1,000,000 of that judgment from USIC under the MCS-90 endorsement. USIC's absence from this case could at least arguably impair its legal interests in seeking to avoid that possibility. USIC has met its minimal burden of showing a possibility that its legal interests would be impaired absent intervention, despite the fact that the issues it seeks to resolve are either not relevant (the ownership issue) or have already been resolved in the declaratory judgment action (the indemnity issue).

### 4. Whether Other Parties Represent USIC's Interests

Again, USIC's burden at this step is minimal. "The proposed intervenor need show only that there is a potential for inadequate representation." *Id.* (quoting *Grutter*, 188 F.3d at 400) (emphasis in original). In this case, if MJC were represented by counsel and actively litigating the question of its liability, USIC's interests might be adequately represented. Since USIC takes the

position that it is not contractually obligated to defend MJC, and MJC has not entered an appearance through alternate counsel since the withdrawal of counsel supplied by USIC, USIC's interests are no longer represented at all. It has met this requirement as well.[2]

## III.    CONCLUSION

For the reasons set forth herein, USIC's Conditional Motion to Intervene (Doc. No. 120) will be granted. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge

---

[2] Obviously, if USIC had continued to defend MJC in this case, MJC could adequately represent USIC's interests, and USIC would have had no need to seek intervention.